UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE FOR CITIBANK, N.A., AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES TRUST 2007-SD3, ASSET-BACKED CERTIFICATES, SERIES 2008-SD3, *Plaintiff* <br> v. <br> PAMELA KELLY REA and EDWARD ANDREW PESSIN, *individually and as next friend for David Brian Pessin*, *Defendants* | CIVIL NO. 1:21-CV-821-LY-SH |

## ORDER

Before the Court is Plaintiffs' Motion to Appoint Attorney Ad Litem, filed May 4, 2022 (Dkt. 17). On March 21, 2022, the District Court referred all pending and future nondispositive and dispositive motions in this case to the undersigned Magistrate Judge for resolution or Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and Rule 1 of Appendix C to the Local Rules of the United States District Court for the Western District of Texas, as amended. Dkt. 13.

### I.   General Background

The following facts are asserted in Plaintiff's Original Complaint and Motion to Appoint Attorney Ad Litem.

**A.  Loan Agreement**

On November 22, 2006, Harold A. Pessin and Roberta R. Pessin ("Decedents") executed a Fixed Rate Note ("Note') in favor of Wells Fargo Bank, N.A. in the principal amount of $51,200 for real property located at 21711 Lindeman Lane, Leander, Texas 78641 (the "Property"). Plaintiffs' Original Complaint, Dkt. 1 ¶¶ 6, 16. Concurrently with the execution of the Note,

1

Decedents executed a Deed of Trust granting Wells Fargo and its successors and assignees a security interest in the Property. *Id.* ¶ 17. On March 28, 2019, Wells Fargo transferred and assigned the Loan Agreement to Wilmington Trust, National Association, as Successor Trustee for Citibank, N.A., as Trustee for Bear Stearns Asset Backed Securities Trust 2007-SD3, Asset-Backed Certificates, Series 2007-SD3 ("Plaintiff"). *Id.* ¶ 19. Plaintiff is the current holder and owner of the Note and beneficiary of the Deed of Trust on the Property. Plaintiff also is a mortgagee of the Loan Agreement on the Property, as defined by Texas Property Code § 51.0001(4). *Id.* ¶ 20.

After Decedents died, their children – Defendants Pamela Kelly Rea, Andrew Pessin, and David Brian Pessin – acquired all of Decedents' interest in the Property. *Id.* ¶ 21. Defendants subsequently defaulted on the Loan Agreement payments on the Property. On September 16, 2020, Plaintiff sent Defendants a Notice of Default. *Id.* ¶ 25. The default was not cured, and the maturity of the debt was accelerated on June 24, 2021, when a Notice of Acceleration of Loan Maturity was sent via certified mail to mailed to Defendants. *Id.* ¶ 26.

### B. Litigation

On September 16, 2021, Plaintiff filed this suit against Defendants, seeking a declaratory judgment that the Loan Agreement is in default and authorizing Plaintiff to foreclose on the Property pursuant to Texas Property Code § 51.002. On January 19, 2022, the District Court entered a partial default judgment against Defendant Edward Andrew Pessin, individually and as next friend for Defendant David Brian Pessin.

Plaintiff was unable to serve Defendant Rea personally because the process server was unable to locate her. Plaintiff therefore filed a motion for substituted service by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 109. Dkt. 10. The

District Court granted Plaintiff's motion on March 21, 2022. Dkt. 12. Plaintiff served Defendant Rea by publication in the Austin American-Statesman on April 27, 2022. Dkt. 16. The time for Defendant Rea to appear and file a response has expired, and no answer has been filed on her behalf.

Invoking Texas Rule of Civil Procedure 244, Plaintiff now moves the Court to appoint an attorney ad litem to represent the interests of Defendant Rea.

## II.   Analysis

Under Federal Rule of Civil Procedure 4(e)(1), a plaintiff is permitted to serve an individual "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff thus was permitted to employ one of the methods outlined in the Texas Rules of Civil Procedure to effect service on Defendant Rea. *Deutsche Bank Nat'l Trust Co. v. McKnight*, No. 4:15-CV-00310, 2017 WL 655657, at *3 (S.D. Tex. Feb. 17, 2017) (holding that Texas Rules of Civil Procedure 109 and 244 apply in federal court "if certain prerequisites of the Texas Rules are met"). Because Defendant Rea's location was unknown, Plaintiff was permitted to serve her by publication under Texas Rule of Civil Procedure 109. Dkt. 12.

"Once service by publication is authorized under Rule 109, if the defendant still fails to answer or file an appearance, Rule 244 kicks in, and mandates that an attorney ad litem 'shall' be appointed to defend the suit on behalf of the defendant." *McKnight*, 2017 WL 655657, at *3 (quoting TEX. R. CIV. P. 244); *see also PHH Mortg. Corp. v. Stewart*, No. 1:20-CV-00790-LY-SH, 2021 WL 4135209, at *2 (W.D. Tex. Sept. 10, 2021) (appointing attorney ad litem for defendant served by publication who had not appeared); *Freedom Mortg. Corp. v. Ramirez*, No. SA-19-CA-19-DAE, 2019 WL 11506142, at *2 (W.D. Tex. May 10, 2019) (appointing attorney ad litem under Texas Rule 244 to represent unknown heirs).

Based on the foregoing, the Court finds that appointment of an attorney ad litem for Defendant Rea is appropriate in this case.

### III.    Order

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Attorney Ad Litem (Dkt. 17) is **GRANTED**.

The Court **HEREBY APPOINTS** John A. Crane #05006490 as attorney ad litem to represent Pamela Kelly Rea in this litigation. On or before **November 23, 2022**, the attorney ad litem shall file a report with the Court detailing his activities on behalf of Pamela Kelly Rea and answer or otherwise respond to Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that John A. Crane, for his services as attorney ad litem, shall be paid a reasonable fee that shall be taxed as costs of Court.

**IT IS FINALLY ORDERED** that the Clerk notify John A. Crane of all filings in this case.

**SIGNED** on September 23, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE